## GREENWOOD *vs.* FALES & *tr.*

Where all the trustees in a foreign attachment live in one county, and the defend-
ant in another, and the action is brought in the latter county, the writ is abate-
able, within *Stat.* 1821, *ch.* 61 ; notwithstanding the defendant was regularly
summoned in the action, and the plaintiff had discontinued as to all the trustees.
And in such case costs will be awarded to the defendant.

In this case, which was *assumpsit*, the plaintiff and defendant both
lived in this county, but the trustees all lived in the county of *Lin-
coln ;* and the defendants pleaded, in abatement of the writ, that it
was not brought in the county where the trustees dwelt, as required
by *Stat.* 1821 *ch.* 61. The plaintiff hereupon discontinued as to all
the trustees, who had judgment for their costs ; and he then demur-
red to the plea. The writ appeared to have been duly served on
the principal defendant, by attachment of his property, and sum-
mons.

*Willis,* for the plaintiff, argued that the *Stat.* 1821 *ch.* 61. on
which the plea was founded, was virtually repealed by the *Stat.* 1821,
*ch.* 59. which was passed twenty days later in the same session, and
which requires that when the parties are citizens of this State, all
personal actions shall be brought in the county where one of the
parties lives. And this action is strictly within the provisions of the
latter statute.

But if both acts are to be taken together, as equally in force, then
the provision respecting trustees is one of which they only can take
advantage, it being introduced for their benefit alone. By the fifth
section, the action may proceed against the principal, after the trus-
tees are all discharged by judgment of court ; and, by parity of rea-
son, after the plaintiff has himself discharged them, by discontinu-
ance, or *nolle prosequi.* In the former case, the defendant is still
held to answer, though neither he nor the plaintiff dwell in the coun-
ty ; much more ought he here, where he is properly called into
court, even had no trustees been named in the writ. The first sec-
tion may be reasonably expounded by limiting its operation to those

actions in which the defendant is not a citizen of the State ; in which case the trustees stand in the situation of principal defendants, who ought to be sued only in the county where some of them dwell. And this view accords with the spirit of the adjudged cases. *Blake v. Jones*, 7 *Mass.* 28 ; *Jacobs v. Mellen*, 14 *Mass.* 132 ; *Gardiner v. Barker*, 12 *Mass.* 36 ; *Wilcox v. Mills*, 4 *Mass.* 218. If the court have no jurisdiction, the defendants cannot have judgment for costs. *Williams v. Blunt*, 2 *Mass.* 216.

*Megquier*, for the defendant, cited *Gould v. Barnard*, 3 *Mass.* 199 ; *Brown v. Gordon*, 1 *Greenl.* 165 ; to the matter of the plea ; and to the point of costs he cited *Stat.* 1821, *ch.* 59. *sec.* 17 ; *Haines v. Corliss*, 4 *Mass.* 660 ; *Hart v. Fitzgerald*, 2 *Mass.* 513 ; *Thomas v. White*, 12 *Mass.* 370.

WESTON J. delivered the opinion of the Court.

By the act, regulating judicial process and proceedings, *Stat.* 1821, *ch.* 59, *sec.* 9, it is provided, that when the plaintiff and defendant both live within the State, all personal or transitory actions shall be brought in the county where one of the parties lives.   As in the case before us, all the parties live within the State, the plaintiff being an inhabitant of this county, the action is rightfully brought here, unless it is controlled by the act concerning foreign attachment, *Stat.* 1821, *ch.* 61..   By the first section of the statute last cited, after prescribing the mode in which the process of foreign attachment shall be served, both upon the principal and the trustees, it is provided that when the trustees, named in such writ, do all dwell in one county, such writ shall be made returnable in the county where all the trustees dwell.   As the clause which immediately precedes this provision in the same section, directs the manner and effect of service, where the principal has not been an inhabitant or resident within the State, the trustees only residing therein, it has been insisted that the term, "such writ," which follows, must be limited to cases where the principal has not been a resident within the State. But upon an examination of the whole section, we are satisfied that the meaning of this term cannot be so restricted, upon a just construction.   It is a term repeatedly used in the section ; and is

manifestly intended to refer generally to the process provided for in the statute. The provision in question was introduced for the benefit of the trustees, whom it was deemed unreasonable to call out of their proper county; as there was no privity between them and the attaching creditor; and they had violated no obligations to him. Whether the principal resided within or without the State, there would be the same reason for extending this indulgence to the trustees.

It is further urged, that this provision is modified by the fifth section of the same statute. This section allows costs to the trustees, where the attaching creditor does not support his action against the principal; but authorizes him to proceed against the principal, notwithstanding he may have discontinued his suit against the trustees, or they may have been discharged by the court, after having submitted themselves to an examination under oath. But as in certain cases, in virtue of the first section, service might be made upon the trustees alone, the fifth section further prescribes that where the plaintiff shall have discontinued his suit against the supposed trustees, or they may have been otherwise discharged, he shall not prosecute his suit against the principal, unless there shall have been such service of the original writ upon him, as would authorize the court to proceed against him, in an action brought and commenced, in the common and ordinary mode of process. Such service having been made upon the principal in the case under consideration, the plaintiff claims a right to sustain his process under this provision. But we are of opinion that this construction cannot prevail. This part of the section was plainly introduced for the sole purpose of protecting the principal from having judgment rendered against him, where he had no notice of the suit, and was not represented or defended by any one, whom he had entrusted with his property. Where a statute prescribes in what county a writ shall be returned, if it is made returnable elsewhere, it is abateable. Although the plaintiff may discontinue his suit against the trustees, the character of the process remains, and if made returnable to a wrong county, may be abated, whatever course the plaintiff may subsequently pursue. The authorities, cited by the counsel for the defendant, fully maintain this position.

---
Cumberland *v.* Prince.
---

It is lastly urged, that the provision upon which the defendant relies, was introduced for the benefit of the trustees, and that they alone can take advantage of it.   This point was otherwise adjudged in the case of *Jacobs & al. v. Mellen & tr.*   Indeed it is there stated that if it had appeared, by the writ in that case, that all the trustees lived in a county other than that where it is made returnable, the court must, *ex officio,* have abated the writ.   We are all of opinion that the plea in abatement is good, and that judgment must accordingly be rendered for the defendant.

*Judgment for the defendant for costs.*